IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GARY ROBINETT** | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2:21-cv-2290 |
| | ) | |
| **MAREL, INC.** | ) | **JURY TRIAL DEMANDED** |
| *Defendant* | ) | |

## COMPLAINT

COMES NOW Plaintiff Gary Robinett, by and through counsel, to allege the following Complaint against Marel, Inc. ("Defendant").

## NATURE OF THE CLAIMS

1. This case arises out of Plaintiff's employment with Defendant, Defendant's violations of the Americans with Disabilities Act, and Defendant's violations of the Age Discrimination in Employment Act.

2. In May 2007, Plaintiff began employment with Defendant.

3. On December 31, 2019, Defendant fired Plaintiff after his supervisor made age related comments to and about him, Plaintiff informed Defendant that he had a stroke, and Plaintiff requested reasonable accommodations.

4. Plaintiff seeks legal and equitable relief available under The Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and The Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

## THE PARTIES

5. **PLAINTIFF** is male citizen of the U.S.A. domiciled in Missouri.

6. From May 2007 to December 2019, Plaintiff was employed by Defendant.

7. At all times relevant to the allegations herein, Plaintiff was at least 40 years of age.

8. As defined by 42 U.S.C. § 12111(7) and 29 U.S.C. § 630(a), Plaintiff was a "person" throughout his employment with Defendant because he was an individual.

9. As defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f), Plaintiff was an "employee" throughout his employment because he was an individual employed by an employer.

10. As defined by 42 U.S.C. § 12111(8), Plaintiff was a "qualified individual" because he was an individual who, with or without reasonable accommodation, could perform the essential functions of his job.

11. As defined by 42 U.S.C. § 12111(9), Plaintiff requested a "reasonable accommodation" by requesting a temporary medical leave of absence to recover from a stroke.

12. As defined by 42 U.S.C. § 12102(1), Plaintiff was an individual with a "disability" during his employment with Defendant because he had a physical impairment that substantially limited one or more major life activities, had a record of such an impairment, or was regarded by Defendant as having such an impairment.

13. As defined by 42 U.S.C. § 12102(4)(D), Plaintiff was an individual with a "disability" during his employment whether or not the affects of his stroke were "episodic" or "in remission" because it substantially limited one or more major life activities when active.

14. **DEFENDANT** is a corporation organized under Kansas law.

15. Throughout his employment, Defendant employed Plaintiff to work at and from its Johnson County, Kansas facility located in Lenexa, Kansas.

16. As defined by 29 U.S.C. § 630(a) and 42 U.S.C. § 12111(7), Defendant was a "person" throughout Plaintiff's employment because it was a corporation.

17. As defined by 29 U.S.C. § 630(b), Defendant was an "employer" throughout Plaintiff's employment because it was, and still is, a corporation engaged in an industry affecting commerce having 20 or more employees for each working day in each of twenty or more weeks.

18. As defined by 41 U.S.C. § 12111(5), Defendant was an "employer" throughout Plaintiff's employment because it was, and still is, a corporation engaged in an industry affecting commerce having 15 or more employees for each working day in each of twenty or more weeks.

19. As defined by 42 U.S.C. § 12111(2), Defendant was a "cover entity" throughout Plaintiff's employment with it because it was an employer.

20. Throughout Plaintiff's employment, Defendant employed 501 or more individuals.

21. Defendant currently employs 501 or more individuals.

22. Defendant is an entity that acts through its agents and employees. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by its agents' performance of non-delegable duties, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICATION

23. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this case because it is a civil action arising under the law of the United States, *to wit*: The Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and The Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

## VENUE

24. Pursuant to 28 U.S.C. § 1391(b), Venue is proper in this District because a substantial part of the acts or ommissions giving rise to Plaintiff's claims occurred in Johnson County, Kansas.

## ADMINISTRATIVE PROCEEDINGS

25. On June 3, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Commission (EEOC) and Kansas Human Right Commission (KHRC) alleging Defendant discriminated against him based on age and a disability and retaliated against him. The EEOC assigned the complaint charge no. 28D-2020-00571. The charge is attached hereto as **EXHIBIT A** and is incorporated by reference.

26. On December 19, 2020, Plaintiff amended that charge. The amended charge is attached hereto as **EXHIBIT B** and incorporated by reference.

27. Defendant received notice of charge no. 28D-2020-00571 while it was pending with the EEOC and KHRC.

28. On March 29, 2021, the EEOC issued Plaintiff the Notice of the Right to Sue regarding charge no. 28D-2020-00571 authorizing Plaintiff to bring with action within 90 days (or by June 27, 2021). A copy of that Notice of the Right to Sue is attached hereto and **EXHIBIT C** and is incorporated by reference.

29. Ninety days from March 29, 2021, is June 27, 2021.

30. Because this action was filed before June 27, 2021, and within 90 days of the EEOC's issuance of the Notice of the Right to Sue, it has been timely filed.

## FACTS

31. In May 2007, Plaintiff began his employment with Defendant.

32. In 2019, Plaintiff's direct supervisor, David Buchanan, began asking Plaintiff when he was going to retire. Plaintiff was 65 years old at the time.

33. In 2019, coworkers began telling Plaintiff that his supervisor, David Buchanan, was asking them when Plaintiff was going to retire.

34. On September 21, 2019, Plaintiff suffered a stroke.

35. Plaintiff's stroke substantially impaired one or more of his major life activities, including his ability to understand or express speech, his concentration, his balance, and his employment.

36. Defendant was immediately notified of Plaintiff's stroke, disabling condition, hospitalization, and need for accommodation in the form of a temporary medical leave.

37. On about September 25, 2019, Defendant told Plaintiff to apply for long-term disability benefits.

38. Plaintiff informed Respondent that he did not need long-term disability because he would be returning to work immediately after recovery.

39. Plaintiff then took 12 weeks of short-term disability leave pursuant to Defendant's procedures.

40. Before Plaintiff's short-term disability leave expired on December 18, 2019, Plaintiff contacted Defendant and requested that his medical leave be extended to January 2020 so he could continue recovery.

41. Defendant refused Plaintiff medical leave until January 2020.

42. Had Defendant provided Plaintiff the accommodation and extended his leave until January 2020, Plaintiff would have been able to perform his job upon return.

43. In December 2019, when Plaintiff requested an accommodation for his disability, Defendant did not engage him in the interactive process.

44. Defendant informed Plaintiff that his employment was being terminated because he was "on long-term disability."

45. Defendant informed Plaintiff that his employment was being terminated because he was "on long-term disability" and that the termination would be official on December 31, 2019.

46. Defendant informed Plaintiff that he was required to return all company property in his possession, i.e., the company computer and iPad.

47. After Defendant informed Plaintiff that his employment was being terminated because he was "on long-term disability," Plaintiff told Defendant that he was not on long-term disability because he was not. Defendant fired him anyway.

48. On December 20, 2019, Plaintiff returned the company property as instructed.

49. On December 31, 2019, Defendant terminated Plaintiff's employment.

## COUNT I
### Americans with Disabilities Act
### Disability Discrimination
### 42 USC § 12112

50. Plaintiff incorporates by reference every other allegation in this Complaint.

51. Defendant knew Plaintiff had disability, knew Plaintiff had a record of a disability, or regarded him as being disabled.

52. Plaintiff notified Defendant of his stoke resulting impairments.

53. Plaintiff requested accommodation in the form of medical leave until January 2020. With this accommodation, Plaintiff could have returned to work and performed all essential functions of his job.

54. In December 2019, Defendant refused to engage Plaintiff in the interactive process.

55. Defendant refused Plaintiff the modest accommodation of extending his medical leave from December 2019 to January 2020.

56. Defendant fired Plaintiff.

57. Defendant discriminated against Plaintiff because of his disability, record of a disability, and/or because Defendant regarded him as being disabled.

58. These acts directly and proximately caused Plaintiff to suffer damages, including economic and emotional damage.

59. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights. Defendant is liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination in violation of 42 U.S.C. § 12101 *et seq*., for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' and experts' fees as provided by 42 U.S.C. §2000e-5(k), and for such other relief the Court deems just and proper.

## COUNT II
**Americans with Disabilities Act**
**Retaliation**
**42 USC § 12203(a)**

60. Plaintiff incorporates by reference every other allegation in this Complaint.

61. Plaintiff's request for an extension of his medical leave to accommodate his disability constitutes protected activity.

62. Defendant retaliated against Plaintiff because of his protected activity.

63. Defendant retaliated against Plaintiff by refusing him a modest accommodation for a known disability, refusing to engage Plaintiff in the interactive process, and by firing him.

64. These acts directly and proximately caused Plaintiff to suffer damages, including economic and emotional damage.

65. Defendant's retaliation against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights. Defendant is liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment on Count II of his Complaint, for a finding that Defendant retaliated against him in violation of 42 U.S.C. § 12203(a), for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' and experts' fees as provided by 42 U.S.C. §2000e-5(k), and for such other relief the Court deems just and proper.

### COUNT III
**Americans with Disabilities Act**
**Interference**
**42 USC § 12203(b)**

66. By reference, Plaintiff incorporates every other allegation in this Complaint.

67. Under the American's with Disabilities Act, Plaintiff had a right to request medical leave from December 2019 to January 2020 for his impairments.

68. Plaintiff had a right to request and receive the modest accommodation he requested.

69. Defendant interfered with Plaintiff's exercise or enjoyment of his rights under the Americans with Disabilities act by failing to engage Plaintiff in the interactive process, by failing to provide Plaintiff the reasonable accommodation he requested, and by terminating his employment with Defendant.

70. These acts directly and proximately caused Plaintiff to suffer damages, including economic and emotional damage.

71. Defendant's interference with Plaintiff's rights under the Americans with Disabilities Act was done with malice or a reckless indifference for Plaintiff's rights. Defendant is

therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment on Count III of his Complaint, for a finding that Defendant interfered with his rights in violation of 42 U.S.C. § 12203(b), for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' and experts' fees as provided by 42 U.S.C. §2000e-5(k), and for such other relief the Court deems just and proper.

### COUNT IV
**Age Discrimination in Employment Act**
**29 USC §§ 621-634**

72. Plaintiff incorporates by reference every other allegation in this Complaint.

73. At the time of events described in this Complaint, Plaintiff was in his mid-60s.

74. Plaintiff was subjected to age-related comments by Defendant's supervisory employee.

75. After Plaintiff suffered a stroke, he requested the accommodation of having his medical leave extended from December 2019 to January 2020.

76. Defendant refused him the accommodation, did not interact with him or his medical providers to determine what accommodation would have made it possible for Plaintiff to continue to do his job without causing Defendant an undue hardship.

77. Instead, Defendant fired Plaintiff.

78. Defendant did these things because of Plaintiff's age.

79. Defendant's age discrimination against Plaintiff directly and proximately caused him to suffer damages, including economic and emotional damage.

80. Defendant's age discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights. Defendant is therefore liable for punitive damages in an amount

sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that Defendant violated 29 U.S.C. §§ 621-634, for compensatory and punitive damages, equitable relief, costs, reasonable attorneys' and experts' fees, and for such other relief the Court deems just and proper.

## JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby demands a jury trial in Kansas City, Kansas for all claims made herein.

*Respectfully submitted by,*

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston, D.Kan. #78212
Kenneth D. Kinney, D.Kan. #78544
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Telephone: (816) 298.0086
Facsimile: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**